# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHWINDER SINGH,<br><br>                Petitioner,<br><br>    v.<br><br>MARK BOWEN, et al.,<br><br>                Respondents. | Case No. 5:25-cv-03381-MRA-E<br><br>**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION** |

This habeas action was brought by Petitioner Sukhwinder Singh, a noncitizen who was released by the Department of Homeland Security ("DHS") on his own recognizance on April 16, 2023, then re-detained by DHS on August 9, 2025. On December 19, 2025, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") against Respondents Mark Bowen, Acting Warden of the Adelanto Detention Center; Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Kristi Noem, Secretary of DHS; and Pamela Bondi, Attorney General of the United States (collectively, "Respondents" or the "government") and ordered his immediate release. ECF 9. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Motion for a Temporary Restraining Order. ECF 9. The TRO (1) required Petitioner's immediate release from custody and re-instatement of his previous

supervisory conditions, (2) enjoined the government from re-detaining Petitioner "absent compliance with constitutional protections, which include, at a minimum a pre-deprivation notice describing the change in circumstances requiring his re-detention and a timely hearing," and (3) ordered the government to show cause why a preliminary injunction should not issue. *Id.* at 7. Respondents filed their response to the Court's Order to Show Cause on December 29, 2025. ECF 11. Respondents contend that Petitioner's request for a preliminary injunction was mooted by the issuance of the TRO and his release from custody on December 20, 2025. *Id.* at 2–3.

## II. DISCUSSION

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). A case becomes moot—and therefore no longer a case or controversy for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 120 S. Ct. 693, 700 (2000). "Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). This requires the "defendant [to] demonstrate that 'there is no reasonable expectation that the wrong will be repeated.'" *United States v. W. T. Grant Co.*, 73 S. Ct. 894, 897 (1953) (internal citation omitted). This is a heavy burden. *Id.*

As explained in the Court's TRO, Petitioner has raised serious questions going to the merits of his habeas petition. ECF 9 at 3–7. Although Respondents argue that injunctive relief is no longer necessary given Petitioner's release, Respondents have failed

to carry the heavy burden of demonstrating that there is no reasonable expectation that the wrong—*i.e.*, the unlawful re-detention of Petitioner without due process—will be repeated. Absent preliminary injunctive relief, Petitioner faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months to resolve. A habeas petition is not moot where preliminary relief is not made permanent. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (plurality opinion) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention").

### III. CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**. For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change in circumstances requiring his re-detention and a timely hearing. At any such hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a risk of flight or danger to the community; and

2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: February 18, 2026

_____
HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE